IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN A. JACKSON | * | |
| Petitioner, | * | Civil Action No. RDB-16-2398 |
| v. | * | Criminal Action No. RDB-09-0179 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The *pro se* Petitioner Marvin A. Jackson ("Petitioner" or "Jackson") pled guilty before this Court to one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). J., p.1, ECF No. 22. At sentencing, this Court found that Jackson was an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the basis of three prior "serious drug offenses." This Court sentenced Jackson to 15 years (180 months) imprisonment, the mandatory minimum sentence under the ACCA. Statement of Reasons (sealed), p. 1, ECF No. 23. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 24) pursuant to 28 U.S.C. § 2255, in light of the United States Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the *Johnson* decision has no bearing on Petitioner's sentence. Accordingly, Petitioner's Motion to Vacate (ECF No. 24) is DENIED.

## ANALYSIS

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

An "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is an individual who violates 18 U.S.C. § 922(g) and who has three prior convictions for either a "violent felony" or a "serious drug offense," or both. Pursuant to 18 U.S.C. § 924(e)(1), a person who qualifies as an armed career criminal under the ACCA is subject to a mandatory period of imprisonment of not less than fifteen years. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "Residual Clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. After *Johnson*, an offense can only qualify as a

"violent felony" under the ACCA if it falls within the ambit of the "Force Clause" or is one of the ACCA's enumerated offenses. The *Johnson* decision had no impact on "serious drug offenses" under the ACCA.

Jackson contends that he "is no longer a [sic] Armed Career Criminal" because he was convicted of a "non-violent offense" in light of the Supreme Court's decision in *Johnson v. United States*. Motion to Vacate, ECF No. 24 at 1-2. However, contrary to Jackson's assertion, his armed career criminal status was not predicated on one or more "violent felonies" under the ACCA, but was instead supported by at least three prior "serious drug offenses." Prior to his 2009 arrest, Jackson was convicted of several "serious drug offenses" under the ACCA, including: (1) a 1991 conviction for possession with intent to manufacture/distribute a controlled dangerous substance; (2) a 1993 conviction for possession with intent to distribute cocaine and conspiracy to distribute cocaine; (3) a 1996 conviction for controlled dangerous substance conspiracy; (4) convictions for possession with intent to distribute heroin and drug trafficking in the year 2000, for which he was sentenced to five years incarceration; and (5) a 2006 conviction for possession with intent to distribute marijuana. Presentence Report, ¶¶ 29, 31, 32, 33, 36. Because Jackson's enhanced sentence under the ACCA was independently supported by at least three prior "serious drug offenses," *Johnson* is inapplicable. Accordingly, Petitioner has stated no grounds for post-conviction relief under 28 U.S.C. § 2255.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 24) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 1, 2017

          /s/
Richard D. Bennett
United States District Judge